IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTOINE RAY WATTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-898-MHH-TMP |
| | ) |
| JEFF DUNN, COMMISSIONER, | ) |
| ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM OPINION</u>**

On November 7, 2017, the magistrate judge entered a report in which he recommended that the Court deny and dismiss petitioner Antione Ray Watts's 28 U.S.C. § 2254 petition for writ of habeas corpus because the petition is time-barred and because equitable tolling does not apply under the circumstances of this case. (Doc. 8). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 8, pp. 10-11). On November 20, 2017, Mr. Watts filed objections to the report and recommendation. (Doc. 9).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make

1

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Watts objects to the magistrate judge's report and recommendations concerning equitable tolling and ineffective assistnce of counsel "for the same reasons set out in detail in" his petition (Doc. 1) and his response to the respondent's motion to dismiss (Doc. 7). (Doc. 9). Mr. Watts does not make specific objections to the magistrate judge's factual findings, and the Court finds no plain error in the magistrate judge's description of the relevant facts. For the reasons stated in the magistrate judge's November 7, 2017 report, the Court concludes that equitable tolling does not save Mr. Watts's claim. (*See* Doc. 8, pp. 8-10). Because the magistrate judge recommends dismissal of this action as time-barred, the magistrate

judge did not address the merits of Mr. Watts's ineffective assistance of counsel claim. Therefore, Mr. Watts's objections on this point are moot.

Having reviewed and considered the materials in the court file, the Court adopts the magistrate judge's report and accepts his recommendation. The Court will enter a separate order dismissing with prejudice Mr. Watts's petition for writ of habeas corpus.

**DONE** and **ORDERED** this December 26, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE